## IN THE UNITED STATES DISTRICT COURT FOR THE THE
## EASTERN DISTRICT OF TENNESSEE, CHATTANOOGA DIVISION

MAVIE DENISE YOUNGSON AND
TIMOTHY WAYNE YOUNGSON,

     Plaintiffs,

                                          No. _____

vs.                                       **JURY DEMANDED**

BOBO TRANSPORTATION, INC.,
OLIM KODIROV,
LOGISTICS BUDDY, LLC AND
LOGISTICS BUDDY
TRANSPORTATION, LLC

     Defendants.

## COMPLAINT

Plaintiffs, Mavie Denise Youngson and Timothy Wayne Youngson, file this Complaint against Defendants Bobo Transportation, Inc., Olim Kodirov, Logistics Buddy, LLC, and Logistics Buddy Transportation, LLC, and in support show as follows:

## SUMMARY

These claims for relief arise from an interstate highway crash that occurred on March 12th, 2016 on Interstate 24 Eastbound near the 165 mile-marker. As traffic had slowed or stopped due to construction, a fully loaded tractor-trailer operated by driver Olim Kodirov, on business of the other named-defendants, slammed into the rear of stopped traffic, including the vehicle in which Plaintiffs occupied, causing serious injuries and at least one death. Olim Kodirov was driving while drowsy and

fatigued and was "out of service" because he had been driving over the maximum allowed driving times. Plaintiffs bring claims for direct negligence and vicarious liability.

## I. <u>PARTIES</u>

1. Plaintiff Mavie Denise Youngson is a resident of Lexington, Henderson County, Tennessee.

2. Plaintiff Timothy Wayne Youngson is a resident of Lexington, Henderson County, Tennessee.

3. Defendant BoBo Transportation, Inc. (hereinafter "Defendant BoBo Transportation") is, upon information and belief, a registered motor carrier with the Federal Motor Carrier Safety Administration and is a Pennsylvania company with its principal office at 4367 Whiting Rd., Philadelphia, Pennsylvania, 19154, doing business in the State of Tennessee. Defendant BoBo Transportation may be served process by serving its BOC-3 agent for process, All American Agents of Process, whose registered agent is Robert M. Asbury, 5731 Lysons View Pike, Ste. 206, Knoxville, TN 37919.

4. Defendant Olim Kodirov, (hereinafter "Defendant Kodirov") upon information and belief, is a resident of Oakland County, Michigan, and may be served with process by serving the Tennessee Secretary of State, who can then forward the Complaint and Summons to him at 24311 Buchanan Ct. Apt. 1970, Farmington Hills, Michigan, 48335. Defendant Kodirov was the driver of the truck which was at fault in the subject incident. At all times relevant to this action, Defendant Kodirov was employed as a statutory employee, as defined by 49 C.F.R. § 390.5 by Defendant BoBo

Transportation and/or was an agent of Defendant BoBo and was acting in the course and scope of such employment and/or agency when he injured the Plaintiffs.

5.     Defendant Logistics Buddy, LLC (hereinafter "Defendant Logistics Buddy") is a registered property broker with the Federal Motor Carrier Safety Administration and has a principal place of business located at 515 N. Garfield Cir, Sioux Falls, S.D. 57104, which conducts business in the State of Tennessee and may be served process by serving its BOC-3 agent for service of process, Service of Process Agents, Inc. whose designated agent is Warren Smith, Smith & Tomkins, 214 Second Ave., North, Suite 100, Nashville, TN 37201.

6.     Defendant Logistics Buddy Transportation, LLC ("Defendant Logistics Buddy Transportation") is a registered motor carrier with the Federal Motor Carrier Safety Administration and has a principal place of business located at 515 N. Garfield Cir, Sioux Falls, S.D. 57104, which conducts business in the State of Tennessee and may be served process by serving its BOC-3 agent for service of process, Matt Kleinsasser, 3900 S. Southern #207, Sioux Falls, S.D. 57103-7194.

7.     Whenever the term "Logistics Buddy Entities" is used, it is intended also to refer to Defendant Logistics Buddy and Defendant Logistics Buddy Transportation collectively, as Defendant Logistics Buddy holds itself out as one entity providing motor carrier transportation services.

8.     At all times relevant to this civil action, Defendant Kodirov was an agent, servant, and/or employee of Defendant BoBo Transportation and was acting in the course and scope of his statutory employment (49 U.S.C. § 390.5) and/or agency; therefore, any negligence on the part of Defendant Kodirov and/or any negligent acts

committed by him, may be attributed to his employer BoBo Transportation, pursuant to the doctrine of *respondeat superior*, and said BoBo Transportation is vicariously liable for such negligence and/or acts of negligence.

9.  Plaintiffs' cause of action arises in tort due to personal injuries and damages sustained as a result of a trucking incident that occurred on or about March 12, 2016, on Interstate 24 in Marion County, Tennessee near mile marker 165.6.

10. Whenever the term "Defendants" is used, it refers to all above-named defendants collectively.

## II.  JURISDICTION AND VENUE

11.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as this cause involves citizens of different states and an amount in controversy in excess of $75,000, exclusive of interest and costs.

12.  Venue is proper in this Court because many of the acts complained of arose within this district, including the incident itself.

## III.  FACTS

13.  On information and belief, before March 12, 2016, Defendant Logistics Buddy entered into an agreement to provide transportation related services with Proctor & Gamble Distributing LLC (hereinafter "Proctor & Gamble"), a shipper, to transport cargo on their behalf.  Pursuant to the terms of the agreement, Defendant Logistics Buddy was to ship a load of cargo (batteries/cells) from West Branch, Iowa to the destination of the Proctor & Gamble warehouse in Cleveland, Tennessee.

14. Defendant Logistics Buddy is a registered property broker with the Federal Motor Carrier Safety Administration and, at all material times hereto, held

itself out to Proctor & Gamble and the public as providing motor carrier transportation services.

15. Defendant Logistics Buddy Transportation is a registered motor carrier with the Federal Motor Carrier Safety Administration.

16. Defendant Logistics Buddy agreed with Proctor & Gamble to provide transportation of the cargo at issue to be picked-up in West Branch, IA on March 11th, 2016, and delivered to the warehouse in Cleveland, Tennessee by March 12, 2016. The time required to load the trailer with the cargo on March 11, 2016 was anticipated to take at least five (5) hours.

17. In an attempt to fulfill its contractual agreement to haul cargo with Proctor & Gamble, Defendant Logistics Buddy engaged and/or employed an independent contractor, Defendant Kodirov, who was a direct employee of Defendant Bobo Transportation and was required at all material times by Defendant Logistics Buddy to represent to others that he was a driver for "Logistics Buddy, LLC" and that the truck must "check in" as "Logistics Buddy, LLC" or otherwise face a penalty of $100.00. As a further condition imposed on the Defendant Kodirov, he was required to submit pallet receipts showing "Logistics Buddy, LLC" and to return pallets to the shipper within thirty (30) days of delivery of the cargo. Thus, Defendant Kodirov was the apparent agent and statutory employee of both the Logistics Buddy entities and of Defendant Bobo Transportation.

18. Further, the driver was to be charged $500.00 by Defendant Logistics Buddy if the scheduled pick up time was missed.

19. Defendant Kodirov also operated commercial trucks for Defendant Bobo Transportation as independent contractor under a lease agreement which leased the tractor trailer at issue to Defendant Bobo Transportation.

20. Defendant Kodirov had limited commercial vehicle driving experience, limited English skills and had been driving large trucks for about one (1) year at the time of the crash. Defendant Kodirov did not meet the requirements mandated by 49 C.F.R. Section 391.11 for minimum driver qualifications.

21. Defendant Kodirov was directed by Defendant Logistics Buddy entities and Defendant Bobo Transportation to pick up the load on March 11, 2016. With permission of the other Defendants, Defendant Kodirov did not properly record time spent for the cargo to be loaded as "on-duty" as required by law. Instead, it appears he recorded the time as "off-duty" in an ill-fated attempt to lengthen the time he could lawfully drive the truck. Thereafter, he proceeded to leave the West Branch, Iowa facility under the direction of both Defendant Logistics Buddy and Defendant Bobo Transportation to haul the cargo to Cleveland, Tennessee. Defendant Kodirov, with the actual or constructive knowledge of Defendant Logistics Buddy and Bobo Transport, proceeded to drive continuously from West Branch, Iowa to the area where the crash occurred. He had made one stop around 5 a.m. the morning of March 12th and had exceeded the maximum number of allowable driving hours in a twenty-four-hour period, as mandated by the Federal Motor Carrier Safety Administration at 49 C.F.R. Section 395.3. Defendant Kodirov had exceeded eleven hours of driving time and did not properly record other "on-duty" time that should have counted towards the maximum 14 hours of "on-duty" time for that period. The crash occurred on or

around 12:44 pm on March 12, 2016. At that time, Kodirov had been driving for nearly 12 hours straight, lacked adequate rest and as such, was fatigued and impaired by the lack of adequate rest.

22. The hours of service regulations are promulgated by the Federal Motor Carrier Safety Administration at 49 C.F.R. Part 395 and establish limitations on driving time and mandate certain off duty times and are designed to combat the dangers associated with fatigued driving and are something which all Defendants were (or should have been) familiar. The purpose of the federal hours of service regulations set forth in 49 C.F.R. Part 395, which were developed based on years of scientific research as well as significant input from the commercial transportation industry is to reduce truck driver fatigue and prevent commercial drivers from driving when they are too fatigued to drive safely, and thereby prevent fatigued driving crashes and improves safety for all motorists.

23. Working long hours on a continuing basis causes chronic fatigue, which results in a high risk of crashes, which federal hours of services regulations are designed to prevent drivers from causing harm by crashing when they are too tired to drive safely.

24. It is well-known in the commercial transportation industry that fatigue and lack of alertness caused by lack of proper sleep are major safety risks with an impairment capacity comparable to the use of alcohol or drugs by drivers, and that fatigue due to sleep deprivation can cause, among other things, (a) error related to perception of speed and distance; (b) inability to perceive and react in a timely manner to hazards; and (c) an overall impairment of judgment of one's ability to make

critical decisions. Sleep deprivation yields what is known as "sleep debt", which cannot be made up through a single night's sleep, but instead imposes a continual residual impairment on an individual's perception reaction performance, reaction time and decision-making.

25.  The extended driving and/or on-duty times imposed on Defendant Kodirov by Defendant Bobo Transportation, Defendant Logistics Buddy and each of them, either directly or indirectly though their agents or employees, put Plaintiffs and the motoring public including Plaintiffs, needlessly and foreseeably in danger by causing Defendant Kodirov to incur a sleep debt due to inadequate rest, chronic fatigue, sleep deprivation, and the inevitable resulting impairment to his ability to engage in rational decision-making and to safely operate a commercial motor vehicle.

26. Defendants Bobo Transportation and Logistics Buddy and each of them knew or should have known that Defendant Kodirov's recent driving history was in excess of maximum allowable hours and his otherwise driving while fatigued and making no effort to halt, alter or reschedule the delivery of the load with a different driver, despite having a duty under the regulations 49 C.F.R. Section 390.11 (Motor carrier to require observance to driver regulations); 49 C.F.R. Section 390.13 (Aiding or abetting violations); and 49 C.F.R. Section 395.3 (prohibition on permitting or requiring drivers to drive beyond the hours of service limits).

27.  On or about March 12, 2016, around 12:46 pm, Plaintiff Timothy Youngson was lawfully driving eastbound on Interstate 24 in Marion County, Tennessee and his wife, Plaintiff Mavie Denise Youngson, was a passenger in the vehicle. The Youngsons were in traffic that had stopped and/or slowed due to a traffic backup.

28.  On the same date and at approximately the same time, Defendant Kodirov was operating a tractor-trailer, a 2007 Volvo Truck Tractor VIN 4V4NC9TH47N447838 Company Unit No. 707, license plate number AG20589, pulling a trailer with a combined gross vehicle with of 75,020 pounds. The truck tractor was traveling eastbound on Interstate 24 in Marion County, Tennessee.

29.  Traveling at speeds of up to 60mph, suddenly and without warning, Defendant Kodirov's truck rear-ended the vehicle being driven by Timothy Youngson, which was in the right lane of the interstate, causing it to run off the road into a ditch and rest facing south.

30.  Upon information and belief, Defendant Kodirov's truck did not slow down prior to striking the Youngson vehicle while traveling at speeds of around 50 -55 miles per hour and Defendant Kodirov ignored all warnings and indications that traffic was slowed and/or stopped due to construction on the interstate. There had been prior warnings and signage clearly warning the presence of construction prior to the area of impact.

31.  After Defendant Kodirov rear-ended the vehicle driven by Mr. Youngson, Defendant Kodirov went on to strike seven (7) other vehicles and/or cause those vehicles to strike each other.

32.  Defendant BoBo Transportation had a duty to train their drivers to operate the company's vehicles in a safe manner and upon information and belief, failed to properly train Defendant Kodirov.

33.  At the time of the collision, Defendant Kodirov was operating his vehicle in a negligent and/or reckless manner.

34. As a legal and proximate result of the negligent and/or reckless conduct of Defendant Kodirov, the negligence of Defendant BoBo Transportation, the negligence of Logistics Buddy, Plaintiffs Mavie Denise Youngson and Timothy Wayne Youngson sustained severe and permanent personal injuries, pain and suffering, loss of earning capacity, and other damages.

35. All of Plaintiffs' injuries and damages were the foreseeable result of the negligent acts and omissions of Defendants.

36. After the crash, the Tennessee Highway Patrol discovered multiple hidden sets of driver logs in Defendant Kodirov's truck cab. Apparently, he gave law enforcement officials one set of log books, which contained "pattern logging" in an attempt to make it appear he had driven within legal limits, whereas the other logs contained other mileage and time recordings that were contradicted by the logs he gave to law enforcement. They also discovered an unidentifiable box of pills which were labeled in Russian. Several of the pills had been consumed from the box.

37. Due to falsification of logs and other bad acts, any law regarding purported limitations on non-economic damages is removed.

## IV. NEGLIGENCE OF DEFENDANTS BOBO TRANSPORTATION, INC., LOGISTICS BUDDY, LLC, LOGISTICS BUDDY TRANSPORTATION, LLC, OMIR KODIROV

38. The allegations set forth in the previous paragraphs are incorporated herein by reference.

39. These Defendants knew, or had reason to know, or should have known, that Defendant Kodirov was operating the truck in violation of the federal regulations, and they encouraged, permitted, required, allowed him to operate a

commercial motor vehicle when they knew or should have known it was unsafe for him to, thereby aiding and abetting these violations, in violation of 49 C.F. R. Sections 390.5, 390.11, 390.13 and 395.3.

40. At the time of the crash and at all times relevant hereto, Defendant Kodirov was an employee, joint employee, borrowed employee, agent, leased driver, statutory employee (49 C.F.R. § 390.5), and/or servant of Defendants Bobo Transportation and Defendant Logistics Buddy entities, and was acting in the course and scope of his agency and/or employment such that all of them are responsible for the conduct of Defendant Kodirov under the principles of *respondeat superior*.

41. At the time of the crash and at all times relevant hereto, Defendants Bobo Transportation and Logistics Buddy had the authority and obligation to control their respective agents and/or employees, including Defendant Kodirov and to direct how their agents and/or employees fulfilled their duties, including the scheduling and route for all deliveries, operations and maintenance of the trucks, and at all times the commercial motor vehicle was being operated for their respective and mutual benefit.

42. Defendant Bobo Transportation and Defendant Logistics Buddy entities were negligent, careless, and reckless in hiring, entrusting, retaining, supervising, and training Defendant Kodirov.

43. At all times relevant hereto, Defendants Kodirov, Bobo Transportation and Logistics Buddy Entities were subject to and required to obey the minimum safety standards established and as set forth in the Federal Motor Carrier Safety Regulations (FMCSR), 49 C.F.R. Parts 300-399, either directly or as adopted by The

Tennessee Department of Transportation (TDOT) Safety Rules and Regulations 1340-6-1.20 and Pursuant to Tenn. Code Ann. § § 65-2-102 and 65-15-113.

44. Defendants Bobo Transportation, Logistics Buddy Entities, and Kodirov will be shown at trial to have violated the FMCSRs, as have been previously set forth above and herein, constituting negligence and negligence *per se*, including but not limited to 49 C.F.R. Part 390 (General); 49 C.F.R. Part 392 (Driving of Commercial Motor Vehicles); 49 C.F.R. Part 395 (Hours of service); 49 C.F.R. Part 390.13 (aiding and abetting).

45. At the time of the crash, and at all times relevant hereto, Defendant Kodirov was operating the tractor-trailer while sufficiently impaired by fatigue as to make it unsafe for him to begin or continue to operate the commercial motor vehicle, and after having falsified his record of duty status, was required or permitted by Defendants to do so all in violation of 49 C.F.R. Section 392.3 and 393.8(e).

46. Under federal regulations, including but not limited to 49 C.F.R. Section 395.8(e), a driver may not operate, or be permitted to operate, a commercial motor vehicle when he is likely to be sufficiently impaired by fatigue or other cause as to make it unsafe for him to begin or continue to operate the commercial vehicle and may not operate or be permitted to operate, a commercial motor vehicle if he falsely certified his duty status record.

47. Defendants and each of them, negligently, carelessly, and recklessly mandated Defendant Kodirov work in excess of maximum allowable hours and to become sleep deprived such that he could not make rational decisions or safely operate a commercial motor vehicle, all of which proximately caused the June 25th,

2014 collision. These defendants conspired among themselves and others to violate the federal regulations and to aid and abet these regulations in violation of 49 C.F.R. Section 392.3 and 49 C.F.R. Section 390.13, and this conspiracy and the aiding and abetting legally caused the crash and damages complained of.

48.     The March 12th, 2016 collision of the commercial motor vehicle operated by Defendant Kodirov with numerous slow-moving or stopped vehicles on the Interstate 24, including the vehicle occupied by Plaintiffs, was a proximate and legal result of the negligence, carelessness, recklessness, and misconduct on the part of Defendant Kodirov, individually and as the agent and employee of Defendant Bobo Transportation and Defendant Logistics Buddy Entities. Defendants and and each of them were negligent and committed one or more of the following acts and/or omissions, including but not limited to:

a.      Operating the subject commercial motor vehicle in an unsafe and unreasonable manner;

b.      Operating the subject commercial motor vehicle without performing a proper pre-trip, during-trip, and/or post-trip vehicle inspection as required by federal safety regulations, specifically 49 C.F.R. Part 396;

c.      Operating, and/or permitting or requiring Defendant Kodirov to operate the subject commercial motor vehicle while impaired by fatigue and/or controlled substances, in direct violation of federal safety regulations, including 49 C.F.R. § 392.3 and 49 C.F. R. § 382.213;

d.      Failing to maintain an assured clear distance ahead;

e.      Operating the subject commercial motor vehicle at an unsafe speed;

f.　　　Failing to keep a proper lookout, failing to reasonably judge the closeness of other vehicles, and failing to brake in a proper manner;

g.　　　Operating in violation of minimum safety standards;

h.　　　Entrusting the subject commercial motor vehicle to Defendant Kodirov while knowing or having reason to know that he was incompetent and impaired, and would likely operate the vehicle in an unsafe manner involving an unreasonable risk of harm to others;

i.　　　Permitting Defendant Kodirov to operate the subject commercial motor vehicle while knowing or having reason to know that he was incompetent and impaired, and would likely operate the vehicle in an unsafe manner involving unreasonable risk of harm to others, in violation of 49 C.F.R. § 392.3, and that he was also in violation of 49 C.F.R. § 395.8(e) in that he had falsely certified his duty of status record;

j.　　　Permitting Defendant Kodirov to operate the subject commercial motor vehicle without determining that he was qualified to do so, or that he could or would operate the subject commercial motor vehicle safely as required by 49 C.F.R. § 391.11;

k.　　　Negligently, carelessly, and recklessly permitting Defendant Kodirov to operate the subject commercial motor vehicle when he was so impaired by fatigue as to make it unsafe for him to operate the vehicle, again in violation of 49 C.F.R. § 392.3;

l.     Failing to make arrangements or to take other and further measures to ensure that Defendant Kodirov had the necessary time and other resources to comply with the basic federal safety rules, including but not limited to federal hours of service rules, then knowingly permitting him to operate the subject commercial motor vehicle while knowing or having reason to know that he was incompetent and impaired, and would be likely to operate the vehicle in an unsafe manner involving an unreasonably risk of harm to others;

m.     Requiring Defendant Kodirov to violate basic safety rules, including but not limited to federal hours of service rules, as a necessary element of performing job duties, thereby placing him in a fatigued and compromised state, then knowingly permitting him to operate the subject commercial motor vehicle while knowing or having reason to know that he was incompetent and impaired, and would be likely to operate the vehicle in an unsafe manner involving an unreasonable risk of harm to others; and

p.     Such other and further negligence, carelessness, recklessness and misconduct as will be proven at trial.

45.     At the time and place of the crash, Defendant Kodirov was negligent *per se* (for which Defendants are vicariously liable) in that he was in violation of one or more of the following statutes of the State of Tennessee, including, but not limited to the following:

a.     Tenn. Code Ann. § 55-8-103 Required obedience to traffic laws;

b.     Tenn. Code. Ann. § 55-8-123 Driving on roadways laned for traffic;

c.     Tenn. Code Ann. § 55-8-124 Following too closely;

d.     Tenn. Code Ann. § 55-8-136 Drivers to exercise due care;

e.     Tenn. Code Ann. § 55-8-205 Reckless driving; and

46.    Defendants knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this Complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

Risks associated with unsafe drivers;

a.     The risks associated with failing to train drivers to obey the FMCSR;

b.     The risks associated with failing to train drivers to follow minimum;

c.     driving standards for commercial drivers;

d.     The risks associated with failing to train drivers to follow minimum;

e.     inspection standards for commercial drivers;

f.     The risks associated with failing to train drivers to follow minimum;

g.     maintenance standards for commercial drivers;

h.     The risks associated with failing to have adequate risk management policies and procedures in place;

i.     Requiring drivers to meet unrealistic driving goals which Defendant Bobo Transportation and Defendant Logistics Buddy Entities knew, had reason to know, or should have known would cause its drivers to violate the hours of service regulations.

j.      Failing to have policies and procedures in place to identify undertrained and unqualified drivers;

k.      Failing to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Kodirov once he was hired;

l.      Failing to implement and follow a written safety plan;

m.      Failing to protect members of the public, from the risks described above;

n.      Failing to use composite knowledge reasonably available to analyze the data available to them to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from the risk, and to protect members of the public from risk; and,

o.      Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above.

47.      As a proximate and legal result of Defendant Bobo Transportation's, Defendant Logistics Buddy Entities' and Defendant Kodirov's negligence, Plaintiffs were proximately and legally caused to suffer injuries and damages as set forth in greater detail below for which they are entitled to recover damages under applicable law, as set forth below.

## V -  NEGLIGENT SELECTION OF AN INDEPENDENT CONTRACTOR

49.      The allegations set forth in the previous paragraphs are incorporated herein by reference.

50. Pleading in the alternative, to the extent the Logistics Buddy Entities claim and prove they were acting as property brokers, as defined by the Federal Motor Carrier Safety Administration, the Logistics Buddy Defendants had a duty to exercise reasonable care in the selection of an independent contractor to transport cargo in interstate commerce.

51. The duty of reasonable care required the Logistics Buddy entities, at a minimum, to check the safety history of a potential motor carrier for safety violations and to check key categories which may indicate and provide notice that a motor carrier is potentially unsafe through public databases or through subscription monitoring services. The duty of reasonable care also required the Logistics Buddy entities to check the financial solvency, operating permits, and other key documentations of a potential motor carrier for safety compliance.

52. Restatement (Second) of Torts § 411, provides,

> (b) Negligence in Selection of Contractor. An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons

Restatement (Second) of Torts § 413 provides:

> One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer (a) fails to provide in the contract that the contractor shall take such precautions, or (b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions.

Restatement (Second) of Torts § 427 provides:

> One who employs an independent contractor to do work involving a

special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

53.     Plaintiffs allege and aver that the Logistics Buddy Defendants, acting individually and in concert, failed to use reasonable care and were negligent by failing to conduct a proper investigation into the safety history of Defendant Bobo Transportation (and/or its agents or drivers) and is liable pursuant to one or more of the above sections of the Restatement (Second) of Torts for activities like interstate trucking which involve a peculiar risk of harm and for failures to take reasonable precautions to prevent harm or injuries to the public in the operation of tractor-trailers and including the truck operated by Defendant Kodirov.

54.     Publicly available data showed that Defendant Bobo Transportation had been cited numerous times in the 12-24 months before the date of the collision for serious safety violations including, but not limited to, driving beyond maximum on-duty hours, no driver record of duty status, record of duty status violations, speeding, out of adjustment brakes, lane restriction violations, false report of drivers record of duty status, and other violations which will be proven at trial.

55.     As a proximate and legal result of the Logistics Buddy Entities' negligence, Plaintiffs have suffered injuries and damages, as set forth more fully below.


## VI.  DAMAGES

56.    Plaintiffs aver that the acts of Defendants were wanton, willful, malicious and/or reckless under applicable law such that imposition of punitive damages is just and warranted to deter future conduct.

57.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs Mavie Denise Youngson and Timothy Youngson suffered and will continue to suffer painful bodily injuries, emotional anguish and distress, medical bills, and incidental damages. Plaintiffs are entitled to recover all reasonable and necessary medical expenses incurred and which they may incur in the future as a result of the collision. Plaintiffs are also entitled to recover for past, present, and future physical and emotional pain and suffering, loss of enjoyment of life, loss of earnings and earning capacity, and all incidental damages caused by Defendants' actions.

58.    Mavie Denis Youngson has suffered and continues to suffer from traumatic injuries including, but not limited to a sacral fracture, a pubic fracture/fractured pelvis, a left L5 transverse fracture, fractured foot and hematoma in the lower back/buttock region. She continues to undergo medical treatment and continues to incur damages.

59.    Timothy Youngson has suffered and continues to suffer from traumatic injuries including, but not limited to a large seroma on his right thigh. He continues to undergo medical treatment and continues to incur damages.

WHEREFORE, PREMISES CONSIDERED Plaintiffs Mavie Denise Youngson and Timothy Wayne Youngson pray:

a.     That proper process issue and be served upon Defendants and that they be required to appear and answer this Complaint within the time required by law;

b.     That Plaintiff Mavie Denise Youngson be awarded a judgment for compensatory damages for her personal injuries for sustained as a result of Defendants' actions in the amount of $1,750,000 and punitive damages to be determined by the jury if the discovery in this case reveals the kind of gross negligence or reckless conduct that would warrant the imposition of punitive damages;

c.     That Plaintiff Timothy Wayne Youngson be awarded a judgment for compensatory damages for his personal injuries sustained as a result of Defendants' actions in the amount of $750,000 and punitive damages to be determined by the jury if the discovery in this case reveals the kind of gross negligence or reckless conduct that would warrant the imposition of punitive damages; and

d.     That Plaintiffs be awarded such other and further relief to which they are entitled.

PLAINTIFFS DEMAND A TRIAL BY JURY WHEN THE ISSUES ARE JOINED HEREIN.

Respectfully submitted,

WRIGHT LAW, PLC

By: *s/Matthew E. Wright*
Matthew E. Wright #022596
219 Third Avenue, N.
Franklin, TN 37064
Ph: (615)812-1351
Fax: (615)468-4540
Email: mwright@wrightlawplc.com
www.wrightlawplc.com


Jeffrey S. Rosenblum #13626
Matthew T. May #25547
(*Motions for admission to be submitted*)
Rosenblum & Reisman, P.C.
6070 Poplar Avenue, Suite 550
Memphis, TN 38119
(901) 527-9600
(901) 527-9620 Fax

*Attorneys for Plaintiffs*