IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CRYSTINA BASS and<br>CHRISTOPHER A. BASS, | )<br>)<br>) | No. 1:17-cv-00108<br>(CONSOLIDATED)<br>REEVES/STEGER |
| Plaintiffs, | )<br>) | JURY DEMAND |
| v. | )<br>) | |
| BOBO TRANSPORTATION, INC.,<br>OLIM KODIROV, PROCTER &<br>GAMBLE DISTRIBUTING, LLC,<br>PROCTER & GAMBLE<br>MANUFACTURING COMPANY,<br>PROCTER & GAMBLE COMPANY,<br>PROCTER & GAMBLE, LOGISTICS<br>BUDDY, LLC and LOGISTICS BUDDY<br>TRANSPORTATION, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MOTION TO ENFORCE SETTLEMENT

COME NOW the Plaintiffs, Crystina Bass and Christopher A. Bass, by and through counsel, pursuant to the Court's "broad, inherent and equitable power . . . to enforce an agreement in settlement of litigation before it. . . ."[1] moves the Court to enforce the settlement agreement reached between Plaintiffs and the P&G defendants, and represents as follows:

1. A settlement was reached between the Plaintiffs and Defendants Bobo Transportation, Inc., Olim Kodirov, and Logistics Buddy Transportation, LLC on March 4, 2020. That settlement was properly effectuated, and is not at issue.

---

[1] *Bostick Foundry Co., v. Lindberg,* 797 F.2d 280, 282-283 (6th Cir. 1986). Moreover, "[a] federal court possesses this power even if that agreement has not been reduced to writing." *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir. 1988)(quoting *Bowater N. Am.Corp. v. Murray Mach., Inc.,* 773 F.2d 71, 77 (6th Cir. 1985).

2. A settlement was reached between the Plaintiffs and Defendants Procter & Gamble Distributing, LLC, Procter & Gamble Manufacturing Company, Procter & Gamble Company, and Procter & Gamble (hereinafter "P&G") on May 30, 2020.

3. Plaintiffs' counsel sent an email to Dan Ripper as follows: "Dan, we have deal at 30k in exchange for dismissal with prejudice and general release." In response, defense counsel stated: "I need your tax ID too." Plaintiffs' counsel provided P&G counsel with a W-9 on June 1, 2020.

4. On June 1, 2020, Judge Lee, who assisted the parties in resolving the case, was advised by counsel for P&G that the matter had been resolved.

5. On June 19, 2020, undersigned counsel emailed defense counsel in relevant part as follows: "Dan, do you have the check yet?"

6. Defense counsel responded on June 22, 2020, as follows: "Checking on the status of the checks I have been advised I need a signed release. See attached release and dismissal." Plaintiff's counsel emailed defense counsel as follows: "Dan, I'm ok with the release but it says check already received." Defense counsel responded (in relevant part) as follows: "Modify the release as you need and get it executed so I can get the check" (emphasis added).

7. On June 24, 2020, undersigned counsel modified the release and sent a copy to defense counsel with the following note: "Dan, I have made a few revisions. Please see attached. I am sending to my clients for signature." Defense counsel responded with an email containing a copy of the revised release, and the following note: "I changed a comma or two."

8. At that point, an agreement was reached and reduced to writing containing terms and conditions acceptable to Plaintiffs and P&G. On July 2, 2020, a copy of the signed Release was emailed to defense counsel: "Dan, see attached executed release. I trust the check is on the way." The original of the signed release was subsequently mailed to defense counsel.

9. On July 15, 2020, undersigned counsel sent an email to defense counsel as follows: "Dan, do you have the check?" Defense counsel responded as follows: "I do not because I was told today that Exel will not accept the release as signed because it does not contain them as a released party. I will need to get your release that includes XL in a manner that is acceptable to them. Frankly I don't understand it because the statute of limitations has passed and the entity is not even a party to the lawsuit, but since they picked up the indemnification they believe they should also be on the release."

10. Plaintiffs are unwilling to release a non-named party.

11. Counsel for P&G has refused to issue a check.

Based on the above and foregoing, Plaintiffs move the Court for an Order enforcing the settlement agreement with P&G, and requiring said defendants to issue payment immediately. Copies of the emails referenced above are attached hereto as Exhibit 1 *in globo*.

Respectfully submitted,

THE HAMILTON FIRM

BY: /s/ Hubert Hamilton, BPR #12530
/s/ Patrick A. Cruise, BPR #024099
/s/ John W. Chandler, Jr., BPR #06219
2401 Broad Street, Suite 102
Chattanooga, TN  37408
(423) 634-0871
*Attorneys for Plaintiffs Crystina Bass
and Christopher A. Bass*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of July, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                /s/ Patrick A. Cruise.
                                                Patrick A. Cruise, BPR #024099